**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2077**

B. HANCOX, Administrator of the Estate of Latiece Renee Reid
Glenn,

              Plaintiff – Appellant,

        v.

PERFORMANCE ANESTHESIA, P.A.; UNITED STATES OF AMERICA,

              Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:09-cv-00309-BR)

Argued:  October 26, 2011          Decided:  November 23, 2011

Before KING, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Tamara Louise Miller, MILLERMASCIOLA, Washington, D.C.,
for Appellant.  William Ellis Boyle, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellees.  **ON BRIEF:**
Bruce J. Klores, BRUCE J. KLORES & ASSOCIATES, PC, Washington,
D.C.; Donald H. Beskind, TWIGGS, BESKIND, STRICKLAND & RABENAU,
P.A., Raleigh, North Carolina, for Appellant.  George E. B.
Holding, United States Attorney, R. A. Renfer, Jr., Jennifer P.
May-Parker, Joshua B. Royster, Assistant United States
Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradford Scott Hancox, Administrator of the estate of Corporal Latiece Reid Glenn, appeals the August 27, 2010 Order of the district court that dismissed, for want of subject matter jurisdiction, the estate's negligence claims against the United States. See Glenn v. Performance Anesthesia, P.A., No. 5:09-CV-00309, 2010 WL 3420538 (E.D.N.C. Aug. 27, 2010) (the district court's "Opinion"). In accordance with the procedures prescribed by the Federal Tort Claims Act ("FTCA"), specifically 28 U.S.C. § 2679(d), the United States had been substituted for named defendants Walter Hand, Jr., Raymond E. Brezinski, Corey Eichelberger, and Denise Conneen, the latter being the executrix of the estate of Robert L. Conneen. Concluding that the district court committed no error in dismissing the claims against the United States, we affirm.

I.

A.

We review de novo a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). See Vulcan Materials Co. v. Massiah, 645 F.3d 249, 261 (4th Cir. 2011). In so doing, we afford Corporal Glenn's estate "the same procedural protection" as one "would receive under a Rule 12(b)(6) consideration." Kerns v. United States, 585 F.3d 187, 192 (4th

3

Cir. 2009). That is, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

According to the allegations of the Complaint in this matter, Corporal Glenn, pregnant and about ten days away from her expected delivery date, arrived at Fort Bragg's Womack Army Medical Center in the Eastern District of North Carolina during the mid-afternoon of June 21, 2007, her amniotic sac having ruptured about half an hour previously. In preparation for a Caesarian section, three Certified Registered Nurse Anesthetists ("CRNAs"), i.e., Hand, Brezinski, and Robert Conneen, together with a student intern, Major Eichelberger, attempted to give Glenn an epidural anesthesia. The needle mistakenly and tragically punctured Glenn's spinal dura, from which she contracted meningitis and died six days later. See J.A. 4-5.[1]

B.

Hand, Brezinski, and Conneen were employed at Womack in accordance with a "personal services contract" between Performance Anesthesia, P.A., and the government, the terms of which rendered the CRNAs subject to the direction and control of

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties to this appeal.

4

military personnel. Corporal Glenn's surviving spouse, Julius H. Glenn, Sr., filed administrative claims for compensation on behalf of his wife's estate, see 28 U.S.C. §§ 2672, 2675(a), which were denied on the grounds established in Feres v. United States, 340 U.S. 145 (1950). On June 11, 2009, Mr. Glenn brought suit in state court against Performance Anesthesia, the three CRNAs (in Conneen's case, his estate), and Major Eichelberger, alleging medical negligence.

On July 9, 2009, upon the Attorney General's certification that Major Eichelberger was acting within the scope of his employment with the Army during the events underlying the Complaint, the United States substituted itself on his behalf and removed the matter to the district court. See 28 U.S.C. § 2679(d)(1), -(2). Soon thereafter, on July 24, 2009, the Attorney General submitted similar certifications on behalf of the CRNAs, and the United States was substituted accordingly. On September 21, 2009, relying on the Feres doctrine, the government moved to dismiss the claims against it. As detailed in its Opinion, the district court granted the motion, concluding that it lacked subject matter jurisdiction over the claims against the government. The court directed further that the claims against Performance Anesthesia, the only remaining defendant, be remanded to state court. On September 21, 2010, Glenn filed a Notice of Appeal challenging the court's rulings,

5

and we possess jurisdiction in conformance with 28 U.S.C. § 1291.[2]

## II.

The FTCA, codified at 28 U.S.C. § 2671 to 2680, works a limited waiver of the government's sovereign immunity for torts committed by employees acting within the scope of their office or employment.  The waiver is subject to a myriad of legislative exceptions, set forth in § 2680(a) – (n), and the occasional judicial exception, the most prominent and well-known of which is embodied by Feres v. United States, 340 U.S. 145 (1950).  In Feres, the Supreme Court ruled that the government cannot be held liable under the FTCA "for injuries to servicemen where the injuries arises out of or are in the course of activity incident to service."  Id. at 146.  Broad public policy rationales support the Feres doctrine, including the disdain for state tort law concepts intruding upon the "distinctively federal" relationship between the government and the members of its armed services, the availability of statutory veterans' benefits, and the subversion of discipline that could occur if service

_____

[2] On October 6, 2010, Hancox was substituted on appeal for Mr. Glenn as Administrator of Corporal Glenn's estate.

6

personnel were permitted to sue the government. See United States v. Johnson, 481 U.S. 681, 689-91 (1987).

The FTCA, of course, only addresses the government's liability, meaning that soldiers and sailors who suffer service-related injuries as the result of negligence are free to sue private tortfeasors. The CRNAs here would seem to fit into that category of potential defendants, but for the enactment of the Medical Malpractice Immunity Act (the "Gonzalez Act"), which provides, in pertinent part:

> The remedy against the United States provided by [the FTCA] for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician, . . . nurse, . . . or paramedical or other supporting personnel . . . of the armed forces . . . while acting within the scope of his duties or employment . . . shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such [above-described healthcare professional]. This subsection shall also apply if the [above-described healthcare professional] is serving under a personal services contract entered into under section 1091 of this title.

10 U.S.C. § 1089(a) (emphasis added). The contract between the government and Performance Anesthesia in this case meets the statutory requirements; thus, the CRNAs are, in effect, employees "of the armed forces" for liability purposes.

Nonetheless, Hancox insists on appeal that the CRNAs are "private contractors," and that by substituting itself for them, the government cannot assert defenses, including sovereign

7

immunity, that would not have been available to the individual defendants absent the substitution. Hancox maintains further that the public policy concerns underlying the Feres doctrine are not present here where the CRNAs are otherwise subject to state law and not part of the military chain of command.

Unfortunately for Hancox, his characterization of the CRNAs as private contractors is directly contrary to the plain language of the Gonzales Act. In enacting the statute, Congress unambiguously placed the government's professional healthcare contractors on an equal footing with its similarly situated armed services personnel, and Congress did so knowing full well the established applicability of the Feres doctrine in the realm of injuries incident to military service. Indeed, Hancox does not challenge the government's authority to legislatively except from tort liability a class of private actors such as the CRNAs, but simply questions the wisdom of presuming that Congress intended to do so in circumstances such as the ones before us, given the practical differences between military doctors and nurses who wear their nation's uniform, and civilians engaged in the same professions who do not.

The distinction Hancox urges is not one that the Supreme Court recognizes. To the contrary, the Court in Johnson discerned no difference, for Feres purposes, between members of the military and civilian government employees. See 481 U.S. at

8

686 ("[T]his Court has never suggested that the military status of the alleged tortfeasor is crucial to the application of the [Feres] doctrine."). Accordingly, attributing no significance to the status of the alleged tortfeasors, we have observed that "[i]t is well established that receipt of medical care in military facilities by members of the military on active duty is activity incident to service." Kendrick v. United States, 877 F.2d 1201, 1203 (4th Cir. 1989) (citations and internal quotation marks omitted); see Appelhans v. United States, 877 F.2d 309, 310 (4th Cir. 1989) (reciting "general rule" derived from Feres and Johnson, and applied in Kendrick). We have recognized an exception to the general rule where the plaintiff's medical condition and negligent treatment occurs following the termination of active-duty status, thus constituting a "truly independent or post-service tort," see Bradley v. United States, 161 F.3d 777, 782 (4th Cir. 1998) (quoting Kendrick), but that is clearly not the case here. Given Hancox's reticence to mount a direct attack on the validity of the Gonzales Act, we decline to strip it of force and effect via the backdoor by rendering nugatory the premise upon which it was enacted.

We therefore affirm the judgment below, for the foregoing reasons and for those set forth in more detail by the district court in its Opinion granting the government's motion to dismiss

9

and remanding the claims against Performance Anesthesia to the Superior Court of Cumberland County, North Carolina. See Glenn v. Performance Anesthesia, P.A., No. 5:09-cv-00309, 2010 WL 3420538 (E.D.N.C. Aug. 27, 2010).

AFFIRMED